Curia, per
Fkost, J.
The presiding judge ruled that an accommodation indorsement must be exclusively for the benefit of the indorsee, and the defendant excepts to the instructions of the court on that point Jones having testified that the defendant’s indorsement was made for the mutual accommodation of the plaintiffs and of Lewis Jones & Co., if the jury had been inclined to decide the case on his testimony, they might have been prevented from finding a verdict for the defendant, by the instructions of the court. Bills of exchange and promissory notes present no exception to the common law rule, that every parol contract must be supported by a valid and valuable consideration. Though the instrument itself raises the presumption of such consideration, yet as between the original parties, this does not prevent proof to the contrary, but only shifts the burden of proof from the plaintiff to the defendant; and as against all persons, except a bona fide holder without notice of any illegality in the consideration or any defect in the title to the note, the defendant may insist on a want or failure of consideration, in bar of any action against him as a party to a bill or note. An accommodation party to a bill or note, is one who makes, draws, accepts or indorses it, without any valuable consideration; and is called an accommodation maker, drawer, acceptor, or indorser, because he makes a gratuitous pledge or loan of his name and credit, for the use, benefit, or convenience of another. The term has been adopted among merchants to express agreements of this character, and does not in the least qualify the legal rights or liabilities of any party to the instrument, which result from the fact that he became a party without consideration. From this view it appears that an accommodation party is a mere surety. In Ch. on Bills, 317, it is said, “ in the case of an acceptance for the accommodation of the drawer, it is not unu-. *380 sual to take from such drawer an express written undertaking to provide money for the payment of the bill, and to indemnify the acceptor, and in the absence of any express contract, the law implies a contract to indemnify and at page 69, “ between the original parties, or a holder who has not given full value, the defendant is at liberty to shew that he drew, accepted, indorsed, or made the bill or note, for the accommodation of the plaintiff, who either expressly or impliedly engaged to provide for the bill; or the defendant may shew he received no consideration, or none that was in point of law adequate, and may thus entirely defeat the action, or reduce the claim.” But the defence of the accommodation acceptor, indorser, (fee. is not limited to an acceptance, indorsement, <fec. exclusively for the benefit of the drawer or indorsee. There is nothing in the nature of the contract of a surety, or in the character of the instrument, which prevents an accommodation indorser from being a surety for more than one party on a bill or note. That he is surety for several, does not impair his defence against each. Bills and notes are instruments of credit, capable of expressing many and various liabilities of suretyship. Every indorser is surety to the holder for the maker, while the indors-ers are successively sureties to each other in the order of their indorsements. These liabilities which the instrument imports, may be varied by agreement between the parties. Indeed, the various modes and order in which the liabilities of parties may be expressed, with the ready extension of the parties to any indefinite number, are qualities which principally recommend bills and notes to commercial use and convenience. By a suitable arrangement of the parties, an apparent credit is given to one, who in fact is debtor, or becomes so by the negotiation of the instrument. But as between the original parties, or a holder who has not paid full value, their just and respective liability is maintained by the admissibility of parol evidence to prove the transaction and agreement between the parties, and to shew that an apparent liability of- one of them was contracted without consideration, and only as a loan or pledge of his name, for the accommodation of some other party or parties. The note sued in this case illustrates, *381 to a limited extent, these qualities. If the defendant had indorsed the note of Jones cfe Co. payable to the plaintiffs, .(which was the proper mode of expressing his engagements for them) and the plaintiffs had paid the note to the bank, they would have had no recourse against the defendant ; and if the defendant had paid the note, he might, on the legal import and effect of the note, have recovered against either of the prior parties. But for the convenience of the plaintiffs, the order of the parties was transposed, so that the defendant was payee of the note, and ■indorser to the plaintiffs, which required parol proof to repel his apparent liability to them. Such proof showed that he had indorsed the note without consideration, for the mutual accommodation of both the other parties. He is no more liable to the plaintiffs ia this form of the note, than if he had been the last indorser. In either form he is a surety for both the other parties, and equally answers the description of an accommodation indorser.
The decision of the circuit judge, that an accommodation indorsement must be exclusively for the benefit of the indorsee, must therefore be reversed.
But this point was only material to the defendant in case the jury had been disposed to find their verdict on the evidence of Lewis Jones. The other proof in the case was amply sufficient to support their verdict. But it is uncertain whether the case was decided on the other testimony ; and as the instruciion of the court would have prevented a verdict for the defendant on Jones’s testimony, ¡this court is reluctantly compelled to grant a new trial.
O’Neall, Butler, and Wardlaw, JJ. concurred.
RichardsoN, J. concurred in ordering a new trial.